## ESTATE OF KATIE CUNNINGHAM.

No. 6147—Feb. 10, 1875.

PRESUMPTION AS TO GIFT OF MONEYS IN BANK.—HUSBAND AND WIFE.

A declaration and instruction by a married woman to bank officer, to put her moneys to the account of "J. C. or K. C.," J. C. being her husband, and such being a customary power to the bank to pay to either, does not raise a presumption that such moneys were a gift to the husband. The instruction is a mere authority to draw, revocable by death; and the husband, as administrator, must include the account in his inventory.

Construing section, C. C., 2355.

*Jas. M. Troutt*, for contestants.

*G. W. Tyler*, for administrator.

Facts and opinion on settlement of accounts with administrator.

The deceased was, when single, Katie Brannan. She was married to John Cunningham, the present administrator, in January, 1873. At that time she had on deposit in the bank of the Hibernia Savings and Loan Society $1,513.36 in her own name as Katie Brannan, and her bank book was in that name. This money was her separate property, acquired before marriage, except about $250 which Cunningham had let her take, and which she had placed in her account. After the marriage she and Cunningham went to the bank, and in a conversation with the cashier she directed him to so arrange the account that either she or her husband could draw the money. The cashier thereupon wrote on the bank book and on the account in the books of the bank the words "John Cunningham or," so that the title of the account stood thus—John Cunningham or Katie Brannan. The cashier, being called as a witness, testified that when the word "and" is inserted between the names in such cases, the signatures of both parties are required before payment, but when the word "or" is inserted, the bank pays to either. After the marriage, dividends accrued and went into the account to the amount of $161.97. Mrs. Cunningham died in October, 1873, none of the moneys having been withdrawn. Cunningham was appointed administrator, and filed a copy of his letters with the bank. He drew various sums after his appointment, and March 23, 1875, he drew the then balance, $1,182.23. The bank officers testified that this was paid to him, not as administrator, but because the account stood "John Cunningham or Katie Brannan." In rendering his account, the administrator omitted all of this money, claiming that the facts above stated constituted a gift, and that the money was his own. The contestants claim that the money belongs to the estate and should be charged to the administrator.

From the foregoing facts the conclusions of law are that there was no gift. Mrs. Cunningham did not part with the control of the money; the transaction was simply a power to draw, which died with her. There is no evidence even of an intention to give. The administrator must be charged with the full amount, less the $250 mentioned, and the dividend thereon, as nearly as I can estimate the proportion from the testimony, viz: $25.

RECAPITULATION.

| | |
|---|---:|
| Amount on deposit Jan., 1873, - - - | $1513.36 |
| Dividends, - - - - - - - | 161.97 |
| | $1675.33 |
| $250 and its dividends, - - - - - | 275.00 |
| Balance, charge to administrator, - - - | $1400.33 |

The account is settled, charging said administrator with $1400.33, in addition to the amounts stated in his account. Let an order be made accordingly.